IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LENA DAVENPORT, an adult individual,<br>　　　　Plaintiff,<br><br>vs.<br><br>BOROUGH OF HOMESTEAD, a Municipal Corporation;<br>CITY OF PITTSBURGH, a Municipal corporation;<br>JAMES STRANG, individually and in his official capacities as a Police Officer of the Borough of Homestead,<br>JAMES ILGENFRITZ, individually and in his official capacities as a Police Officer of the Borough of Homestead;<br>LOUIS SCHWEITZER, individually and in his official capacities as a Police Officer of the City of Pittsburgh<br>STEPHEN MATAKOVICH, individually and in his official capacities as a Police Officer of the City of Pittsburgh,<br>CALVIN KENNEDY, individually and in his official capacities as a Police Officer of the City of Pittsburgh,<br>THOMAS GORECKI, individually and in his official capacities as a Police Officer of the City of Pittsburgh, and<br>NATHAN HARPER, in his official capacity as a Chief of Police of the City of Pittsburgh,<br>JEFFREY DESIMONE in his official capacity as a Chief of Police OF Borough of Homestead,<br>and IGOR BOYKO, individually and in his official capacities as a Police Officer of the City of Pittsburgh,<br><br>　　　　Defendants. | CIVIL ACTION<br><br><br><br>CASE NO: 2:13-CV-00250-DSC |

**RESPONSE TO AND MOTION TO STRIKE MOTION TO EXTEND
DEADLINES FILED ON BEHALF OF DEFENDANTS SCHWEITZER,
MATAKOVICH, KENNEDY, GORECKI AND BOYKO**

AND NOW, comes the Plaintiff, LENA DAVENPORT, an adult individual, by and through her attorneys, J. Kerrington Lewis, Esquire and the law firm of Lewis, Lewis & Reilly, and in Response to the Motion to Extend Deadlines filed on behalf of Defendants Schweitzer, Matakovich, Kennedy, Gorecki, and Boyko, states the following:

1. Denied as stated. On the contrary, this court has issued a number of Case Management Orders and amendments thereto under LCvR 16.1 Pretrial Procedures governing the time for discovery and dispositive motions since its first Case Management Order of May 29, 2013; the same being issued on October 7, 2013, December 31, 2013, July 10, 2014, and September 18, 2014. (Docs. No. 24, 37, 39, 59, and 65).

2. Admitted. In fact, a status conference was held on December 23, 2014.

3. Denied as stated. On the contrary, the parties discussed a number of matters, including, but not limited to the fact that the time period for fact discovery had lapsed on November 10, 2014 as per this court's Order of September 18, 2014 and the purported need of counsel for Homestead and Officers Strang and Ilgenfritz to take the deposition of a Pittsburgh Police Detective and the individual who drove the car in which Plaintiff, Lena Davenport, was allegedly shot by a Pittsburgh Police Officer on January 13, 2013, Donald Burris. At that time, counsel for Plaintiff voiced no objection to the taking of that deposition at so long as the terms of this court's Order of September 18, 2014 (Doc. No. 65) remained undisturbed.

4. Denied as stated. On the contrary, the Motion to consolidate the suit filed by Donald Burris on December 17, 2014, subsequently filed on behalf of the City of Pittsburgh Defendants on January 27, 2015 is contested for good reason and has simply yet to be decided.

5. Denied as stated. On the contrary, counsel for Homestead and Officers Strang and Ilgenfritz waited until February 13, 2015, fifty-two (52) days from the time of the status conference held on December 23, 2014) to move this court to take the deposition of Donald Burris at Case No. 2:14-cv-01704-DSC under F.R.C.P. 26(d) and has made no attempt to schedule the deposition of any Pittsburgh Police Detective. That aforesaid Motion is also contested because the deposition would take place prior to the time specified in F.R.C.P. 26(d) and it as well remains to be decided. Further, the deposition of Donald Burris is neither essential to the defense of the City of Pittsburgh Defendants, nor a feat that cannot be accomplished without disturbing the terms of this court's Order of September 18, 2014 (Doc. No. 65). The Defendants' conduct as set out above is simply an attempt to unconscionably delay Lena Davenport's trial with the ultimate goal of having it "mothballed" by a consolidation with the Burris case.

6. Denied as stated. It is admitted that the City of Pittsburgh Defendants request this court to extend the deadlines for discovery, but it is denied that any such Motion is contemplated under the Local Rules for The United States District Court for the Western District of Pennsylvania. On the contrary, Defendant's Motion is, or should be a Motion to Modify this court's Order of September 18, 2014 (Doc. No. 65) and counsel for the City of Pittsburgh Defendants has failed to confer with counsel for Plaintiff or make any attempt to comply with the provision of LCvR 16.1(B)(5), which provides as follows:

> 1. **Requirement to Confer; Scheduling Motion Certificate.**
> **Before filing a motion to modify any scheduling order, counsel** or an unrepresented party **shall confer with all other counsel** and unrepresented parties **in an effort to reach agreement on the proposed modification**. Unless a motion to modify the scheduling order is filed jointly by all parties,

**any motion to modify shall be accompanied by a certificate of the movant denominated a Scheduling Motion Certificate stating that all parties have conferred** with regard to the proposed modification and stating whether all parties consent thereto. (Emphasis supplied)

WHEREFORE, Plaintiff requests this Honorable Court to strike this Motion to Extend Deadlines for failure to comply with LCvR 16.1(B)(5) or for the reasons stated within to deny the Motion to Extend Deadlines filed on behalf of Defendants, Schweitzer, Matakovich, Kennedy, Gorecki, and Boyko, and to set a date for trial.

Respectfully submitted,

**LEWIS, LEWIS & REILLY**

By: _____

J. Kerrington Lewis, Esquire
PA. I.D. #15575
1040 Fifth Avenue
Pittsburgh, PA 15219
(412) 391-0818
*Counsel for Plaintiff*