## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LENA DAVENPORT, an adult individual, | CIVIL ACTION |
| Plaintiff, | No. 2:13-CV-250 |
| vs. | Honorable Judge David Cercone |
| BOROUGH OF HOMESTEAD, a Municipal Corporation; ET AL. | **DEFENDANTS' JOINT PRETRIAL STATEMENT** |
| Defendants. | Filed on behalf of Defendants The City of Pittsburgh, Nate Harper, Schweitzer, Matakovich, Kennedy, Gorecki, and Boyko |

## <u>DEFENDANTS' PRETRIAL STATEMENT</u>

AND NOW, come the Defendants Schweitzer, Matakovich, Kennedy, Gorecki, Boyko and the City of Pittsburgh and Nathan Harper, by and through undersigned counsel, Bryan Campbell, Esq. and Michael Kennedy, Esq., and file the within *Pretrial Statement* and in support thereof aver the following:

### <u>Narrative</u>

On January 13, 2013, Donald Burris (hereinafter "Burris") was driving his vehicle with his mother Lena Davenport (hereinafter "Plaintiff") in the West Homestead and Homestead boroughs of Allegheny County. At some point, Burris committed a traffic violation that caught the attention of Homestead police Officer Strang. Strang attempted to pull Burris over, but Burris refused to pull his vehicle over for a traffic stop. Strang followed Burris through Homestead toward the City of Pittsburgh. Strang was joined by Homestead police Officer Ilgenfritz for the pursuit and Ilgenfritz eventually took the lead. The Officers continued to follow Burris as he headed toward the South Side neighborhood of the City of Pittsburgh, one of the City's busiest bar districts, around 1:30 a.m. on a Saturday night.

At some point, a few City of Pittsburgh Police vehicles joined the pursuit, but they were called off as it approached the busy section of East Carson Street in the South Side neighborhood. The concern was the amount of pedestrian and vehicular traffic on East Carson Street as it was a warm evening and the bars were very crowded and closing and the street was becoming exceedingly crowded. The City of Pittsburgh vehicles terminated pursuit. City of Pittsburgh police officers also attempted to deploy spike strips to stop Burris before entering the busiest portion of the commercial area of East Carson Street, but Burris swerved to avoid these and continued down East Carson Street with Officers Strang and Ilgentfritz in pursuit. Burris determined at the time he saw the officer in the street that he was not going to stop his vehicle, but rather keep driving until he got to his Uncle's house.

While continuing down East Carson Street, Burris swerved in and out of the inbound and outbound lanes of travel to avoid stopping. During these actions, Burris struck and damaged several vehicles. Defendants Schweitzer, Matakovich, Kennedy, Gorecki and Boyko were listening to the City of Pittsburgh radio channel for updates on the pursuit. These Defendants were working approved off-duty secondary employment details at various bars along East Carson Street.

Defendant Schweitzer went into the streets to make sure the pedestrians remained on the sidewalks and out of harm's way as the pursuit approached his location. Defendant Schweitzer was standing near the double yellow lines screaming for people to remain out of the street when he saw lights coming toward him and heard the sirens. He observed Burris's vehicle swerving in and out of the lanes of traffic and proceeding to drive directly toward him. Believing he was going to be struck and possibly killed, or a pedestrian(s) may be struck and possibly killed, Defendant Schweitzer removed his firearm and fired three shots toward the driver of the vehicle.

Burris swerved away from Defendant Schweitzer and toward Officer Rippole who was assisting Defendant Schweitzer and continued to drive erratically down East Carson Street. Defendant Schweitzer proceeded to follow Burris's vehicle on foot. He was not at any time before, during or after the shooting aware of another individual in the vehicle other than the driver until after the pursuit ended.

Defendant Matakovich was monitoring the pursuit on his radio while working an approved off-duty secondary employment detail at Nakama Japanese Steakhouse. When the pursuit was getting closer to his location, Defendant Matakovich went into the street and headed toward the intersection of Sixteenth Street and East Carson Street and was joined by Defendant Kennedy. Defendants Matakovich and Kennedy started to clear the street of pedestrians. Defendant Matakovich looked up and saw lights and sirens approaching Seventeenth Street and heard shots fired. He saw Burris's vehicle approaching and driving erratically and in the outbound lane of travel. Defendants Matakovich and Kennedy continued to attempt to clear the street and when Defendant Matakovich looked up he saw Burris's vehicle driving directly at him and Defendant Kennedy. Defendant Matakovich was in fear of his life, Kennedy's life, and the lives of pedestrians nearby and drew his firearm and discharged it four times at the driver of the vehicle and barely jumped out of the way of the vehicle before being struck. Burris's vehicle raced by them, swerved and then banged off a car in the inbound lane and continued to travel west. Defendants Matakovich and Kennedy followed the vehicle on foot and heard several shots while in pursuit. Defendant Matakovich was not aware of any other individual in the vehicle before, during or after firing his duty weapon until the pursuit was terminated.

Defendant Kennedy was working an approved off-duty secondary employment detail at Winghart's and was listening to the radio dispatches regarding the pursuit of Burris. Defendant

Kennedy observed and made the same actions as described by Defendant Matakovich. Defendant Kennedy drew his firearm under the belief that his life, the life of Defendant Matakovich, and the lives of pedestrians were in direct risk of harm or death and discharged his weapon once. Defendant Kennedy was not aware of any other individual in the vehicle before, during, or immediately after discharging his firearm.

Defendant Gorecki was working an approved off-duty secondary employment detail at the 1311 Bar and he was listening to the pursuit on his radio. Defendant Gorecki stated that he heard Eighteenth Street called out and heard a crash and approximately six to eight gunshots. Defendant Gorecki stepped into the street and saw Burris's vehicle pin balling off vehicles along Carson Street and he heard approximately two more gunshots and then the vehicle proceeded to drive directly at his location. Defendant Gorecki witnessed the vehicle rear-ended an Aztec, pushing it out of the way and proceeding to drive down the road toward him. Defendant Gorecki stepped between two other cars to avoid being hit by the vehicle. He was in fear for his own life and the lives of others, removed his firearm and fired two shots at the driver. Burris's vehicle then struck the front end of a Classy Cab and came to a stop. Defendant Gorecki jumped up onto the hood of the cab and held Burris at gunpoint until he was removed from the vehicle. Defendant Gorecki did not know of the presence of any other individual in the vehicle before, during, or immediately after the firing upon the vehicle.

Defendant Boyko was working an approved off-duty secondary employment detail at Rumshaker's Bar and he was listening to the pursuit on his radio. Defendant Boyko heard the pursuit was passing the FBI building and shortly thereafter heard gunshots coming from further outbound on East Carson Street. Defendant Boyko went into the street and attempted to clear pedestrians out of the street. He was between the intersections of Thirteenth and Fourteenth

Streets with Carson Street when he heard gunshots being fired and a loud crashing noise. He looked up to see a Buick accelerating quickly and directly at him and he believed it was the vehicle being pursued. Fearing for his safety and the safety of others, he fired several gunshots at the driver and the SUV sped past him. He pursued the vehicle on foot and caught up with it at a parking lot near Twelfth Street. He removed the driver and then observed the damage to the rear of vehicle. He was then informed this was not the vehicle that was being pursed. No one in this vehicle was harmed by the gunshots. No one in the vehicle is a party to this action.

The injuries alleged by Plaintiff are a direct result of the actions taken by her son, Burris. Burris was found guilty of two counts of fleeing and eluding. Burris's refusal to obey police commands and stop his vehicle led to the pursuit. His erratic driving and disregard for the safety and lives of others caused the injuries suffered by his mother. The Defendants acted appropriately and reasonably in response to the danger to the safety and lives of themselves and the thousands of pedestrians on the street on the night of the incident. Plaintiff does not have any claims against the Defendants as they were not aware of her presence, did not act in any way to intentionally violate any of her rights, and were acting reasonably and appropriately under the circumstances. The Defendants acted in accordance with 18 Pa.C.S.A. §§ 506 and 508 by using force in the process of making an arrest and to prevent seriously bodily harm or death to another individual.  The Defendants are also entitled to qualified immunity.  Further, the Defendant, City of Pittsburgh and Nathan Harper, had adequate and appropriate customs policies and practices relating to the supervision**,** training and oversight of its officers, including ongoing training, regular review and a computer generated "warning" system.

## **Witnesses**

Liability/Damages:

The following witnesses can be found at 1203 Western Ave., Pittsburgh, PA 15233, (412) 323-7800:

| | | |
|---|---|---|
| 1. | Daniel Soroczak | MAY CALL |
| 2. | Louis Schweitzer | WILL CALL |
| 3. | Ray Rippole | WILL CALL |
| 4. | Stephen Matakovich | WILL CALL |
| 5. | Scott Bobak | WILL CALL |
| 6. | Sgt. Ronald Griffin | MAY CALL |
| 7. | Calvin Kennedy | WILL CALL |
| 8. | Thomas Gorecki | WILL CALL |
| 9. | Igor Boyko | WILL CALL |
| 10. | Jason Cyprowski | MAY CALL |
| 11. | Sgt. James Perry | WILL CALL |
| 12. | Commander Eric Holmes | MAY CALL |
| 13. | Daniel Sullivan | WILL CALL |
| 14. | David Sisak | MAY CALL |
| 15. | Rich Artzberger | MAY CALL |
| 16. | Rick Howe | MAY CALL |
| 17. | Clarence Ford | MAY CALL |
| 18. | Brian Roland | MAY CALL |
| 19. | Eric Maker | MAY CALL |
| 20. | Brian Nicholas | MAY CALL |
| 21. | Paul Donaldson, Former Deputy Chief | MAY CALL |

22.    Tom Stangrecki, Assistant Chief          MAY CALL

23.    Maurita Bryant, Assistant Chief          MAY CALL

24.    Jennifer Ford, Lieutenant                MAY CALL

The following witnesses can be found at City of Pittsburgh EMS, 700 Filbert St.,

Pittsburgh, PA 15232, (412) 622-6931 and MAY be called at trial:

25.    Gregory Tersine

26.    John Hobdy

27.    Mark Demko

28.    Jeffrey Meyer

29.    Daniel Berg

30.    Theodore Ziegler

31.    George Mildner

32.    Lawrence Jones

The following individuals can be found at the following address: Homestead Police

Department, 221 E. 7th Ave., Homestead, PA 15120 (412) 461-1344 and MAY be called:

33.    James Ilgenfritz

34.    Paul Fleming

35.    Ian Strang

The following individuals can be contacted at the following address: Allegheny County

District Attorney Detectives, 1444 Hillsdale Ave., Pittsburgh, PA 15216, (412) 388-5300 and

MAY be called:

36.    Tim Cross

37.    F. Laquatra

     38.     Perann Tansmore

The following individuals can be found at the addresses listed with their names and MAY be

called:

     39.     Kyhnroe Anders
                   Swissvale PD
                   7560 Roslyn St.
                   Pittsburgh, PA 15218
                   (412) 271-6666

     40.     David Hyatt
                   1720 Noble Street
                   Pittsburgh, PA 15212

     41.     Alonzo Clark
                   208 Lincoln Ave.
                   Millvale, PA 15209
                   (814) 659-5032

     42.     Shelbey Dain Hetler
                   630 East Eighth Ave.
                   Tarentum, PA 15084
                   (724) 681-8315

     43.     Brittany Patterson
                   1639 Parkline Dr.
                   Pittsburgh, PA 15227
                   (814) 330-0646

     44.     Anna Rigas
                   1034 Shelton Ave.
                   Pittsburgh, PA 15226
                   (412) 531-2651

     45.     Maurice Johnson
                   1304 Chelton Ave.
                   Pittsburgh, PA 15226

     46.     Varun Rambhala
                   261 Portman Ln.
                   Bridgeville, PA 15226

     47.     Kevin Pupo
                   333 Thistle Ct.

Pittsburgh, PA 15239
(412) 874-6140

48.     Mbuotidem Essiet
        824 Soles St.
        McKeesport, PA 15132
        (412) 582-9398

49.     Robert and Gwendolyn Tucker
        307 Rose Ave.
        Penn Hills, PA 15235
        (412) 626-0660

50.     Christopher Miller
        1927 Baldauf St.
        Pittsburgh, PA 15203
        (441) 600-6506

51.     Donald Gallagher
        636 Sara Lane
        Verona, PA 15147
        (412) 760-3912

52.     Patricia Capozoli
        4020 Greenridge Drive
        Verona, PA 15147

53.     Danette Terlecki
        County Nurse

54.     Lee Gerster
        141 S. 16th St.
        Pittsburgh, PA 15203
        (412) 877-1054

55.     Chris Burgan

56.     Stephen Feltovich
        4110 Cloverleaf St.
        Pittsburgh, PA 15227
        (412) 721-2655

57.     Donald Burris              WILL CALL
        315 South Ave
        Pittsburgh, PA 15221

58.      Lena Davenport
         314 South Ave., #1
         Pittsburgh, PA

59.      Kathy Kraus, past manager of the Office of Municipal Investigation (OMI)
         Care of the City of Pittsburgh Law Department

60.      Deborah Walker, current manager of OMI
         Care of the City of Pittsburgh Law Department

61.      Nathan Harper,
         Currently residing in Illinois

The Defendants reserved the right to amend this Witness list up to the date of the Pretrial Conference and call any and all witnesses listed in Plaintiff's Pretrial Statement as well as any witnesses listed in Homestead Defendants' Pretrial Statement.

## Deposition Witnesses

At this time, the Defendants do not anticipate the use of any deposition witnesses. The Defendants will use depositions for the purposes of cross-examination and impeachment.

## Exhibits

1.      Any and all Reports created by the City of Pittsburgh Bureau of Police in response to this incident.

2.      Any and all Reports and documents created by the Borough of Homestead Police Department.

3.      Any and all reports and documents created by the Allegheny County District Attorney Detectives.

4.      Any and all medical reports for the treatment and medical history of Lena Davenport.

5.      Any and all documentation related to the criminal prosecution of Donald Burris.

6.      City of Pittsburgh Use of Force Policy Materials.

7.      City of Pittsburgh Training Materials.

8.      City of Pittsburgh Supervision and Oversight Materials.

9.      The following specific policies of the City of Pittsburgh Police Department:

> 12-6    Use of Force
> 12-7    Discharge of Firearms
> 12-8    Continuum of Control
> 17-1    Discipline Action Report
> 17-2    Charges
> 17-3    Suspension
> 17-6    Grievance Procedure
> 17-8    Removal – Discharge
> 18-1    Civilian Complaint Filing Procedures
> 22-1    Performance Evaluation
> 22-2    Officer Management and Performance Assessment & Review System

The Defendants reserved the right to amend this Exhibit list up to the date of the Pretrial Conference and use any and all exhibits listed in Plaintiff's Pretrial Statement as well as any exhibits listed in Homestead Defendants' Pretrial Statement.

## Legal Issues

1.      Whether the Defendants acted as reasonably well-trained officers and only used reasonable and necessary force in accordance with their training and in light of the circumstances, therefore not violating Plaintiff's rights?

2.      Whether the Defendants are entitled to qualified immunity?

3.      Whether the City of Pittsburgh had appropriate customs, policies and practices concerning the operations of the Police Department?

## Expert Disclosures

1.      Clifford Jobe                              Use of Force and Police Tactics Expert
         204 Kennan Drive
         Greensburg, PA 15601

Respectfully submitted,

/s/ Michael Kennedy                         /s/ Bryan Campbell
Michael Kennedy, Esq.                       Bryan Campbell, Esq.
                                            Counsel for Defendants Schweitzer,
/s/ Lourdes Sanchez-Ridge                   Matakovich, Kennedy, Gorecki, and Boyko
Lourdes Sanchze-Ridge, Esq.                 330 Grant St., Ste. 2620
                                            Pittsburgh, PA 15219
Counsel for Defendant City of Pittsburgh and (412) 642-7667
Nathan Harper
City of Pittsburgh Law Department
313 City-County Building
414 Grant Street
Pittsburgh, PA 15219
(412) 255-2015